UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS INC.,<br>Plaintiff,<br>v.<br>PIONEER SQUARE BRANDS INC., d/b/a VAULT (collectively, "PSB"),<br>Defendant. | Case No. 2:25-cv-00666<br>**COMPLAINT FOR PATENT INFRINGEMENT**<br>**JURY TRIAL DEMANDED** |

Plaintiff National Products Inc. ("NPI") brings this action against Defendant Pioneer Square Brands Inc., d/b/a VAULT (collectively, "PSB") for an injunction, damages, and other appropriate relief to stop Defendant from violating NPI's patent rights. NPI states and alleges as follows:

## THE PARTIES

1. NPI is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at 8410 Dallas Ave S., Seattle, Washington 98108.

2. NPI is a market leader in the design, manufacture, and sale of innovative docking cradles and protective cover products, including docking cradles and protective covers for tablets, cellular phones, and other portable devices, which are used, for example, in cars, trucks,



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

bikes, planes, boats, motorcycles, material handling, food and beverage, hospitality, healthcare and retail applications.

3. Upon information and belief, PSB is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 1515 W. Green Dr., High Point, North Carolina 27260, and having a regular and established place of business within this judicial district. Upon information and belief, PSB does business under the brand name VAULT.

4. Upon information and belief, PSB is a manufacturer and distributor of docking and protective cover systems for consumer electronics. Upon information and belief, PSB advertises, markets, and sells its products, including the products that are the subject of the patent infringement alleged in this lawsuit, to the public throughout the United States, including within this judicial district.

**NATURE OF THE ACTION**

5. This is a civil action for infringement of U.S. Patent Nos. 12,132,511 ("the '511 patent"); and 12,143,142 ("the '142 patent"), under the patent laws of the United States, including, without limitation, 35 U.S.C. § 1 *et seq.*

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over PSB. Upon information and belief, PSB maintains a regular and established place of business in this judicial district at 321 Third Avenue S., Suite 403, Seattle, Washington 98104. This Court also has personal jurisdiction over PSB because, upon information and belief, PSB has committed, aided, abetted, contributed to, and/or participated in the commission of patent infringement in this judicial district and elsewhere that led to foreseeable harm and injury to NPI.

8. Upon information and belief, PSB sells and offers to sell its infringing products directly through its website to the public throughout the United States, including in this judicial district.



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

9. Upon information and belief, PSB has a regular and established place of business within this judicial district and is a "Seattle-based company." For example, PSB has listed 321 Third Avenue S., Suite 403, Seattle, Washington 98104 as its business address. Moreover, PSB is a registered business with the Washington Secretary of State. Further, Mr. Scott Armstrong, a "Governor" and the Executive Chairman of PSB, lives and works in the Seattle area. Mr. Marc Matsumura, also a "Governor" and the Chief Financial Officer of PSB lives and works in the Seattle area. And Mr. Michael Ferren, another "Governor," and the President and CEO of PSB, also identifies his place of work in Seattle. Other PSB employees relevant to the infringing products also work and reside within this judicial district. For example, Ms. Talia Crum, the Product Category Manager of PSB, lives and works in Seattle. Further, Ms. Colleen Anderson, the Director of Finance of PSB, lives and works in the Seattle area. In short, upon information and belief, the entire leadership of PSB and many PSB employees with relevant knowledge reside and/or work in this judicial district.

10. In April 2024, PSB admitted in another litigation with NPI that this Court has personal jurisdiction over it. Case No. 2:24-cv-00084 (W.D. Wash. Apr. 12, 2024) (Dkt. 25).

11. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Defendant has committed acts of infringement in this District, and Defendant has a regular and established place of business in this District.

## THE '511 PATENT

12. On October 29, 2024, the '511 patent, entitled "Docking Sleeve With Electrical Adapter" was duly and legally issued to Jeffrey D. Carnevali. The '511 patent is generally directed toward a protective cover and docking cradle for an accessory device, such as, for example, a cellular phone, phablet, tablet, handheld device, or the like.

13. NPI is the owner, by assignment, of all right, title, and interest in the '511 patent, including the rights to exclude others and to sue and recover damages for infringement.

14. To the extent any marking or notice was required by 35 U.S.C. § 287, NPI and/or all predecessors in interest and/or implied or express licensees of the '511 patent, if any, have



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

complied with the marking requirements of 35 U.S.C. § 287 by fixing the word "patented" together with the address of NPI's website, which is accessible to the public without charge and which associates the patented article with the '511 patent in the "Patent and Trademarks" page of NPI's website, on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of the '511 patent.

15. A true and correct copy of the '511 patent is attached as **Exhibit A**.

**THE '142 PATENT**

16. On November 12, 2024, the '142 patent, entitled "Docking Sleeve With Electrical Adapter" was duly and legally issued to Jeffrey D. Carnevali. The '142 patent is generally directed toward a protective cover and docking cradle for an accessory device, such as, for example, a cellular phone, phablet, tablet, handheld device, or the like.

17. NPI is the owner, by assignment, of all right, title, and interest in the '142 patent, including the rights to exclude others and to sue and recover damages for infringement.

18. To the extent any marking or notice was required by 35 U.S.C. § 287, NPI and/or all predecessors in interest and/or implied or express licensees of the '142 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by fixing the word "patented" together with the address of NPI's website, which is accessible to the public without charge and which associates the patented article with the '142 patent in the "Patent and Trademarks" page of NPI's website, on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of the '142 patent.

19. A true and correct copy of the '142 patent is attached as **Exhibit B**.

**COUNT I**

**INFRINGEMENT OF UNITED STATES PATENT NO. 12,132,511**

20. NPI realleges and incorporates by reference the allegations in paragraphs 1–19 above.

21. PSB has directly infringed and continues to directly infringe at least claim 9 of the '511 patent by making, using, offering to sell, and selling within the United States and/or



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

importing into the United States powered docking systems for and used with portable electronic devices, including but not limited to the PSB's VAULT GoWork line of products.

22. Inspection of the VAULT GoWork line of products demonstrates that they meet each and every element of at least claim 9 of the '511 patent, either literally or by the doctrine of equivalents.

23. For example, PSB's website describes its VAULT GoWork product for the iPhone 15 as comprising the protective arrangement of claim 9:




(https://vaultproducts.com/product/gowork/#product_features)

24. The VAULT GoWork product shown above is exemplary.

25. As shown above, and as further shown below, the VAULT GoWork products comprise a protective arrangement for an electronic device, the protective arrangement comprising a removable cover comprising an exterior surface and an adapter opening in the exterior surface, wherein the panel and the skirt form an interior cavity therebetween with the skirt forming a mouth opening that communicates with the interior cavity, wherein the interior cavity is configured and arranged to receive the electronic device:



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

(https://vaultproducts.com/gowork/)

26. As shown below, the VAULT GoWork line of products further include an adapter comprising a plurality of first contacts accessible within the interior cavity of the removable cover in an arrangement for mating with one or more device contacts of the electronic device and a contactor configured for exposure through the adapter opening in the exterior surface of the removable cover, the contactor comprising a lateral surface opposite the first contacts and a plurality of second contacts arranged on the lateral surface and configured for exposure through the adapter opening of the removable cover, wherein the second contacts are electrically coupled to the first contacts, wherein the lateral surface of the contactor is configured to be disposed at least as far from the electronic device, when received in the interior cavity, as any other portion of the adapter and the removable cover:



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511





(https://vaultproducts.com/gowork/)

27. Upon information and belief, PSB has induced and continues to induce infringement of one or more claims of the ’511 patent, including but not limited to claim 9, by inducing its customers and other third parties to use without authorization the docking systems in the ’511 patent, including by using the VAULT GoWork protective covers with the docking cradles, and the combined systems. The use, without authorization, of the protective covers combined with the docking cradles, and docking systems constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the ’511 patent by such customers or third parties. PSB’s acts of inducement include: providing its customers with docking systems and the individual components thereof and intending customers to use them as intended; advertising these products and their intended use through its own and third-party websites (for example, https://vaultproducts.com/product/gowork/ (“Contact Us”); offering support to its customers for these products (for example, https://vaultproducts.com/support/); and providing instructions on how to use these products (for example, https://vaultproducts.com/assembly/gowork/).

28. Upon information and belief, PSB has contributed to and continues to contribute to the infringement of one or more claims of the ’511 patent, including but not limited to claim 9,



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

by, without authority, selling and/or offering to sell within the United States, importing, and/or supplying components of systems that comprise the patented invention, including but not limited to the VAULT GoWork protective covers and docking cradles. These components supplied by PSB are key components to the docking systems claimed in the ’511 patent. When, for example, a protective cover is used with the docking cradle, the claimed docking systems are formed, thereby infringing, either literally or under the doctrine of equivalents, one or more claims of the ’511 patent. Upon information and belief, PSB supplied and continues to supply these components with the knowledge of the ’511 patent and with the knowledge that these components constitute material parts of the inventions claimed in the ’511 patent. Further, PSB knows that these components are especially made and/or especially adapted for use as claimed in the ’511 patent. Moreover, PSB knows that there is no substantial non-infringing use of these components.

29. As a direct and proximate consequence of PSB’s infringement of the ’511 patent, NPI has suffered irreparable harm, and NPI will continue to suffer irreparable harm in the future unless PSB is enjoined from infringing the ’511 patent.

30. Upon information and belief, PSB has had actual knowledge of the ’511 patent and its infringement thereof since at least October 29, 2024, when the ’511 patent issued. Upon information and belief, because PSB has previously infringed other related NPI patents, and PSB’s VAULT GoWork product includes many features of PSB’s earlier-infringing product, PSB either has had actual knowledge of the ’511 patent or was willfully blind as to its existence and its infringement.

31. Upon information and belief, PSB’s continued infringement of the ’511 patent is willful.

**COUNT II**

**INFRINGEMENT OF UNITED STATES PATENT NO. 12,143,142**

32. NPI realleges and incorporates by reference the allegations in paragraphs 1–31 above.



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

33. PSB has directly infringed and continues to directly infringe at least claim 1 of the ’142 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States powered docking systems for and used with portable electronic devices, including but not limited to the PSB’s VAULT GoWork line of products.

34. Inspection of the VAULT GoWork line of products demonstrates that they meet each and every element of at least claim 1 of the ’142 patent, either literally or by the doctrine of equivalents.

35. For example, PSB’s website describes its VAULT GoWork product for the iPad (10th Generation) as comprising the docking system of claim 1:




(https://vaultproducts.com/product/gowork/)

36. The VAULT GoWork product shown above is exemplary.

37. As shown above, and as further shown below, the VAULT GoWork products comprise a docking system, the docking system comprising at least one protective case for a portable electronic device:



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511



(https://vaultproducts.com/gowork/)

38. As shown above and below, each protective case further comprises a panel and a skirt surrounding the panel, wherein the panel and skirt define an interior cavity to receive the portable electronic device, wherein the panel is configured and arranged to cover a back face of the portable electronic device and the skirt is configured and arranged to at least partially cover a plurality of side faces of the portable electronic device and extend over a peripheral edge of a front face of the portable electronic device to secure the portable electronic device within the interior cavity:



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511





(https://vaultproducts.com/wp-content/uploads/2024/05/GoWork-Case-Instructions-REV-B.pdf)

39. As shown below, each protective case further comprises a male plug comprising at least three first contacts, the male plug extending from the skirt into the interior cavity of the protective case and configured for mating the at least three first contacts with contacts of a female socket of the portable electronic device to facilitate transfer of power to or from the portable electronic device, and a contactor comprising a contactor surface and at least three second contacts disposed on the contactor surface, wherein the at least three second contacts are electrically coupled to the at least three first contacts:





(https://vaultproducts.com/gowork/)



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

40. Additionally, the VAULT GoWork docking system further comprises a multi-device docking station comprising a base and a plurality of docking connectors disposed on or in the base, each docking connector configured to mate with the contactor surface of a one of the at least one protective case, each docking connector comprising at least three docking contacts arranged to electrically connect with the at least three second contacts of the one of the at least one protective case, wherein the at least three docking contacts are spring-loaded pogo pins wherein the multi-device docking station further comprises a plurality of support surfaces extending away from the base, wherein each of the support surfaces is configured for positioning the portable electronic device against the support surface when the contactor surface of the one of the at least one protective case is mated to a one of the docking connectors proximate the support surface:





(https://vaultproducts.com/product/gowork/)

(https://vaultproducts.com/gowork/)



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

41. Upon information and belief, PSB has induced and continues to induce infringement of one or more claims of the '142 patent, including but not limited to claim 1, by inducing its customers and other third parties to use without authorization the docking systems claimed in the '142 patent, including by using the VAULT GoWork protective covers with the docking cradles, and the combined systems. The use, without authorization, of the protective covers combined with the docking cradles, and docking systems constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '142 patent by such customers or third parties. PSB's acts of inducement include: providing its customers with docking systems and the individual components thereof and intending customers to use them as intended; advertising these products and their intended use through its own and third-party websites (for example, https://vaultproducts.com/product/gowork/ ("Contact Us"); offering support to its customers for these products (for example, https://vaultproducts.com/support/); and providing instructions on how to use these products (for example, https://vaultproducts.com/assembly/gowork/).

42. Upon information and belief, PSB has contributed to and continues to contribute to the infringement of one or more claims of the '142 patent, including but not limited to claim 1, by, without authority, selling and/or offering to sell within the United States, importing, and/or supplying components of systems that comprise the patented invention, including but not limited to the VAULT GoWork protective covers and docking cradles. These components supplied by PSB are key components to the docking system claimed in the '142 patent. When, for example, a protective cover is used with the docking cradle, the claimed docking system is formed, thereby infringing, either literally or under the doctrine of equivalents, one or more claims of the '142 patent. Upon information and belief, PSB supplied and continues to supply these components with the knowledge of the '142 patent and with the knowledge that these components constitute material parts of the inventions claimed in the '142 patent. Further, PSB knows that these components are especially made and/or especially adapted for use as claimed in



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

the ’142 patent. Moreover, PSB knows that there is no substantial non-infringing use of these components.

43. As a direct and proximate consequence of PSB’s infringement of the ’142 patent, NPI has suffered irreparable harm, and NPI will continue to suffer irreparable harm in the future unless PSB is enjoined from infringing the ’142 patent.

44. Upon information and belief, PSB has had actual knowledge of the ’142 patent and its infringement thereof since at least November 12, 2024, when the ’142 patent issued. Upon information and belief, because PSB has previously infringed other related NPI patents, and PSB’s VAULT GoWork product includes many features of PSB’s earlier-infringing product, PSB either has had actual knowledge of the ‘142 patent or was willfully blind as to its existence and its infringement.

45. Upon information and belief, PSB’s continued infringement of the ’142 patent is willful.

**PRAYER FOR RELIEF**

WHEREFORE, NPI prays for the following relief:

a. A judgment that PSB has infringed the ’511 and ’142 patents;

b. An order preliminarily and permanently enjoining and restraining PSB, its officers, directors, agents, servants, employees, licensees, attorneys, and all other persons acting under or through them, directly or indirectly, from infringing the ’511, and ’142 patents;

c. A judgment and order requiring that PSB pay damages under 35 U.S.C. § 284, with prejudgment and post-judgment interest;

d. A judgment that PSB’s infringement has been willful, and that damages are increased three-fold;

e. A judgment and order directing PSB to pay the costs of this action, including all disbursements and attorney fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

f. Such other and further relief as the Court may deem just and equitable.



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

**DEMAND FOR JURY TRIAL**

NPI hereby demands a trial by jury of all issues so triable.

Dated: April 14, 2025

Respectfully submitted,

FENWICK & WEST LLP

By: *s/ David K. Tellekson*
David K. Tellekson, WSBA No. 33523
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511
Email: dtellekson@fenwick.com

Attorney for Plaintiff
NATIONAL PRODUCTS INC.