THE HON. DAVID G. ESTUDILLO

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

NATIONAL PRODUCTS INC.,

10               Plaintiff,

11        v.

12

PIONEER SQUARE BRANDS INC., d/b/a
13 VAULT (collectively, "PSB"),

14               Defendant.

15

Case No. 2:25-cv-00666-DGE

DEFENDANT PIONEER SQUARE
BRANDS, INC.'S MOTION TO
DISMISS FOR IMPROPER VENUE

Note on Motion Calendar: August 6, 2025

16        Plaintiff National Products Inc.'s ("NPI") complaint for patent infringement does not belong

17 in this Court.  Defendant Pioneer Square Brands Inc. ("PSB") does not reside or have a regular and

18 established place of business in this District, either of which is required for this District to be a

19 proper venue.  PSB is a Delaware corporation, headquartered in High Point, North Carolina.  It has

20 no offices or other places of business in this District.  PSB has executives and employees who choose

21 to work remotely in this District from their homes, but those are private residences that cannot

22 qualify as the regular and established places of business of PSB under the law.  PSB respectfully

23 requests the Court dismiss NPI's complaint for improper venue under Federal Rule of Civil

24 Procedure 12(b)(3).

25

26

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE S., SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

## I.    FACTUAL BACKGROUND

### A.    PSB

PSB is an innovative product designer and retailer.  Its products include rugged cases and accessories for electronic devices (e.g., cell phones and tablets).  PSB's products help protect customers' devices in the most challenging environments, from classrooms to job sites.

As stated in NPI's second amended complaint, PSB is incorporated in Delaware.  Dkt. 19, ¶3; Declaration of Marc Matsumura ("Matsumura Decl.") ¶3.  Its principal place of business is at 721 Old Thomasville Road, High Point, North Carolina 27260.  Matsumura Decl. ¶3.  Although PSB was founded in Seattle, it moved its headquarters to North Carolina in 2023.  *Id.*, ¶6.  PSB has not had an office in Seattle or elsewhere in Washington since January 31, 2024.[1]  *Id.*, ¶5.  Nor does it own, lease, or rent property in Seattle or elsewhere in Washington.  *Id.*  Although PSB has executives and employees that live and sometimes work remotely in this District, those individuals work from home in their private residences.  *Id.*, ¶8.

### B.    NPI's Patent Infringement Allegations

On April 14, 2025, NPI filed its complaint for patent infringement accusing PSB of infringing U.S. Patent Nos. 12,132,511 and 12,143,142.  Dkt. No. 1.  On June 3, 2025, NPI filed its first amended complaint to accuse an additional PSB product of infringement.  Dkt. No. 18.  On June 25, 2025, it filed its second amended complaint, accusing PSB of infringing a third patent, U.S. Patent No. 12,341,550.  Dkt. No. 19.  The accused products are PSB's VAULT GoWork and Connect products.

NPI alleges this Court has venue because:

1.    PSB has a regular and established place of business in this District at 321 Third Avenue S., Suite 403, Seattle, Washington 98104;

---

[1] In February 2023, PSB closed its office at 321 Third Avenue S., Suite 403, Seattle, Washington 98104.  Matsumura Decl. ¶4.  It had a temporary one-year lease at 411 1st Avenue S. Ste. 505, Seattle WA for some research and development work.  *Id.*  That lease ended January 31, 2024.  *Id.*

DEFENDANT PIONEER SQUARE BRANDS, INC.'S
MOTION TO DISMISS FOR IMPROPER VENUE - 2
CASE NO. 2:25-cv-00666-DGE

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE S., SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

2.      "PSB has listed 321 Third Avenue S., Suite 403, Seattle, Washington 98104 as its business address";

3.      PSB "is a 'Seattle-based company'";

4.      "PSB is a registered business with the Washington Secretary of State";

5.      PSB's leadership team (executives) live and work in the District;

6.      PSB has employees who live and work in the District; and

7.      PSB has committed acts of infringement in this District.

*Id.*, ¶¶ 7, 9, 11.

As shown below, those allegations are either wrong or irrelevant to whether venue is proper in this District.

## II.    LEGAL STANDARDS

28 U.S.C. §1400(b) "constitute[s] 'the exclusive provision controlling venue in patent infringement proceedings.'"  *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518 (2017) (quoting *Stonite Prods. Co. v. Melvin Lloyd Co.*, 315 U.S. 561, 563 (1942)).  Under Section 1400(b), a claim for patent infringement must be brought (1) "in the judicial district where the defendant resides," or (2) "where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. §1400(b).  As to the first prong, "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute."  *TC Heartland*, 137 S. Ct. at 1517.  As to the second prong, there are three requirements for establishing a "regular and established place of business": "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant."  *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).  Venue is improper if any of these three requirements are not satisfied.  *Id.*

"[T]he Plaintiff bears the burden of establishing proper venue" under Section 1400(b).  *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).  If venue is improper, the Court "shall dismiss

DEFENDANT PIONEER SQUARE BRANDS, INC.'S
MOTION TO DISMISS FOR IMPROPER VENUE - 3
CASE NO. 2:25-cv-00666-DGE

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE S., SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1   [the case], or if it be in the interest of justice, transfer [the] case to any district or division in which

2   it could have been brought."  28 U.S.C. §1406(a).

3                              **III.   ARGUMENT**

4          Venue is improper in this District because there are no facts that PSB resides or has a regular

5   and established place of business here under 28 U.S.C. §1400(b).  Thus, this Court should dismiss

6   NPI's complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

7          **A.     PSB Does Not Reside in This District**

8          As NPI admits in its second amended complaint, "PSB is a corporation organized and

9   existing under the laws of the State of Delaware."  Dkt. No. 19, ¶3; Matsumura Decl. ¶3.  It is

10  therefore undisputed that PSB does not "reside" in this District for purposes of the patent venue

11  statute. *See TC Heartland*, 137 S. Ct. at 1517 ("hold[ing] that a domestic corporation 'resides' only

12  in its State of incorporation for purposes of the patent venue statute").  Thus, NPI cannot establish

13  venue is proper in this District under the first prong of Section 1400(b).

14         **B.     PSB Does Not Have a Regular and Established Place of Business in this District**

15         To salvage its complaint, NPI must satisfy its burden under the second prong of Section

16  1400(b) and show PSB "has committed acts of infringement and has a regular and established place

17  of business" in this District for venue to be proper. *Cray*, 871 F.3d at 1360.  As explained below,

18  NPI cannot satisfy its burden.  None of NPI's allegations in its second amended complaint show

19  that PSB has a regular and established place of business in this District.[2]

20         First, NPI alleges "PSB maintains a regular and established place of business in this judicial

21  district at 321 Third Avenue S., Suite 403, Seattle, Washington 98104."  Dkt. No. 19, ¶7.  That is

22  incorrect.  PSB closed that office in February 2023, well before NPI filed its original complaint.

23  Matsumura Decl.  ¶4; Dkt No. 1 (Complaint filed Apr. 14, 2025).  PSB's former Seattle office

24

25  [2] PSB denies that it has committed acts of infringement in this District (or elsewhere) because the
    accused products do not infringe.  However, this motion only focuses on NPI's failure to show that
26  PSB has a regular and established place of business in this District.

DEFENDANT PIONEER SQUARE BRANDS, INC.'S
MOTION TO DISMISS FOR IMPROPER VENUE - 4
CASE NO. 2:25-cv-00666-DGE

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE S., SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1  cannot confer venue in this District. *See Galderma Labs., L.P. v. Teva Pharms. USA, Inc.*, 290 F.

2  Supp. 3d 599, 612 (N.D. Tex. 2017) (holding venue is determined at the time of filing).

3      Second, NPI alleges "PSB has listed 321 Third Avenue S., Suite 403, Seattle, Washington

4  98104 as its business address." Dkt. No. 19, ¶9. However, NPI does not identify where or when

5  PSB has purportedly listed that location as its business address. Indeed, NPI cites no evidence to

6  support its claim. Notably, PSB does not list that address on its website. Matsumura Decl. ¶7. The

7  address on its website is 721 Old Thomasville Road, High Point, NC 27260. *Id.*; *Get in touch with*

8  *us*, PIONEERSQUAREBRANDS.COM, https://pioneersquarebrands.com/contact/ (last visited July 7,

9  2025).

10     Third, NPI alleges PSB "is a 'Seattle-based company.'" Dkt. No. 19, ¶9. That allegation is

11  vague, ambiguous, and irrelevant. Where a company is "based" has no meaning relative to the

12  venue analysis. If NPI means where PSB resides, that is wrong for the reason stated above. *Supra*

13  at §III.A. If NPI is referring to where PSB was founded, that is irrelevant to the venue analysis. *See*

14  *Hand Held Prods., Inc. v. Code Corp.*, 265 F. Supp. 3d 640, 645 (D.S.C. 2017) (holding "[w]here

15  [the defendant] was founded…[is] not relevant to the §1400(b) venue analysis"). When NPI filed

16  its original complaint on April 14, 2025, PSB was (and is now) a Delaware corporation with its

17  headquarters in High Point, North Carolina. Matsumura Decl. ¶3. Since January 31, 2024, it has

18  had no offices in Seattle or elsewhere in this District. *Supra* at 2 n.1; Matsumura Decl. ¶¶4-5.

19     Fourth, NPI alleges that "PSB is a registered business with Washington Secretary of State."

20  Dkt. No. 19, ¶9. PSB's registration in Washington has no bearing on the venue analysis. *See, e.g.*,

21  *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *2 (W.D. Tex.

22  June 19, 2020) ("The mere fact that Defendant is registered and earns revenue in Texas has no

23  bearing on the Court's venue analysis.") (internal citations omitted). It does not show that PSB has

24  a physical place of business in this District. *BillingNetwork Pat., Inc. v. Modernizing Med., Inc.*,

25  No. 17 C 5636, 2017 WL 5146008, at *2 (N.D. Ill. Nov. 6, 2017) ("That a defendant is registered

26  to do business in a particular state has no bearing on whether it has the requisite 'physical place' of

DEFENDANT PIONEER SQUARE BRANDS, INC.'S
MOTION TO DISMISS FOR IMPROPER VENUE - 5
CASE NO. 2:25-cv-00666-DGE

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE S., SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

business in the state, let alone in a particular judicial district.") (citations omitted).  Further, PSB's publicly available records filed with the Washington Secretary of State show venue is improper in this District.[3]  PSB declared its principal office was in High Point, North Carolina in its annual reports filed with the Washington Secretary of State on August 3, 2023, and August 19, 2024. Matsumura Decl. ¶ 3, Exhibits 1 and 2 .

Fifth, NPI's second amended complaint identifies three executives and two employees of PSB that live and work in this District to establish venue here.  Dkt. No. 19, ¶9.  For the sake of completeness, PSB has one other employee, Jason Krilich, who works remotely in the Seattle area. Those individuals are referred to herein as the "Seattle Remote Employees."  When those employees work in the Seattle area, they work-from-home in their private residences.  Matsumura Decl. ¶8. Venue is not proper in a district merely because the defendant has employees who work remotely from home in their residences located in the district.  *See, e.g.*, *IngenioShare, LLC v. Epic Games, Inc.*, No. W-21-cv-00663-ADA, 2022 WL 827808, at *3-4 (W.D. Tex. Mar. 18, 2022) (granting motion to dismiss and noting that a "work-from-home employee's residence is insufficient alone" to establish venue under *Cray*).  As demonstrated below, NPI has failed to show the private residences of the Seattle Remote Employees are (1) PSB's physical places of business, (2) PSB's regular and established places of business, or (3) places of PSB.

1. The Seattle Remote Employees' Homes are Not PSB's Physical Places of Business

The first requirement of *Cray* requires "a physical, geographical location in the district from which the business of the defendant is carried out."  *In re Cray*, 871 F.3d 1355, 1362 (Fed. Cir. 2017).  A remote employee's home in the district may meet that requirement where the defendant stores inventory or distributes products from the home, where the defendant engages secretarial

---

[3] The public records for PSB are attached to Marc Matsumura's Declaration as Exhibits 1 and 2 and were obtained from the Washington Secretary of State's website. https://ccfs.sos.wa.gov/#/BusinessSearch/BusinessInformation (last visited July 8, 2025).

DEFENDANT PIONEER SQUARE BRANDS, INC.'S
MOTION TO DISMISS FOR IMPROPER VENUE - 6
CASE NO. 2:25-cv-00666-DGE

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE S., SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    services physically located in the district to perform certain tasks, or where the defendant requires

2    all employees to work from their homes. *Id.*; *Clark v. DocuSign, Inc.*, No. 21-CV-1007 (DLF), 2022

3    WL 16985185, at *2 (D.D.C. Nov. 15, 2022).

4        That is not the case here. PSB does not require employees to work at home. Matsumura

5    Decl. ¶9. Indeed, many of its employees that work in North Carolina are required to work at PSB's

6    headquarters. *Id.* No inventory of PSB is stored in the homes of the Seattle Remote Employees.

7    *Id.*, ¶10. Therefore, those homes do not function as distribution or sales centers. Nor does PSB

8    employ secretaries or administrative professionals to work remotely in Seattle or elsewhere in

9    Washington. *Id.*, ¶8. Thus, the Seattle Remote Employees' homes are not physical places of

10    business of PSB in this District. *See, e.g.*, *Clark*, 2022 WL 16985185, at *2 (finding the home

11    offices of the defendant's employees were not physical places of business because, *inter alia*, the

12    defendant's business model was not built on all employees working from home and the employees

13    "did not store any materials to sell and distribute on behalf of [the defendant]").

14             2.    <u>The Seattle Remote Employees' Homes are Not Regular and Established Places</u>
15                   <u>of Business for PSB</u>

16       The second requirement of *Cray* requires the place to be a regular and established place of

17    business. *Cray*, 871 F.3d at 1362. A business is regular and established if it operates in a "steady,

18    uniform, orderly, and methodical manner," with a "settled certainly, or fixed permanently" place.

19    *Id.* at 1362-63 (cleaned up). "[I]f an employee can move his or her home out of the district at his or

20    her own instigation, without the approval of the defendant, that would cut against the employee's

21    home being considered a place of business of the defendant." *Id.* at 1363.

22       Here, the Seattle Remote Employees can move their homes out of the District without

23    approval from PSB, because they are not required to work there. Matsumura Decl. ¶11. That defeats

24    any notion the homes are stable and established places of business. *Cray*, 871 F.3d at 1363. Stated

25    differently, location of the Seattle Remote Employees in Seattle is not required for them to perform

26    their duties. They could just as easily live elsewhere. Matsumura Decl. ¶11. Thus, the homes of

DEFENDANT PIONEER SQUARE BRANDS, INC.'S
MOTION TO DISMISS FOR IMPROPER VENUE - 7
CASE NO. 2:25-cv-00666-DGE

1    the Seattle Remote Employees are not regular and established places of business of PSB. *See, e.g.*,

2    *Automated Packaging Sys., Inc. v. Free-Flow Packaging Int'l, Inc.*, No. 5:14-cv-2022, 2018 WL

3    400326, at *8 (N.D. Ohio Jan. 12, 2018) (finding a place of business is not regular and established

4    if an employee doing business from the home office can move outside the judicial district while

5    continuing to perform his or her duties).

6                      3.   The Seattle Remote Employees' Homes are Not Places of PSB

7            The third requirement of *Cray* requires the place of business to "be a place *of the defendant*,

8    not solely a place of the defendant's employee." *Cray*, 871 F.3d at 1363 (emphasis in original).  In

9    deciding whether a place is a place of the defendant, courts should consider (1) whether the

10   defendant owns, leases, or rents any portion of its employees' homes, (2) whether the defendant

11   played a part in selecting the place's location, (3) whether the defendant stores inventory at the place

12   for distribution or sales, (4) whether the defendant conditioned employment on an employee's

13   continued residence in the district, and (5) marketing or advertisements that indicate that the

14   defendant itself holds out the place as a place for its business. *Id.* at 1363, 1365.

15           Here, those factors show the Seattle Remote Employees' homes in the District are not places

16   of PSB.  One, PSB does not own, lease, rent, or possess any portion of its Seattle Remote

17   Employees' homes.  Matsumura Decl. ¶8.  Two, the Seattle Remote Employees chose their homes.

18   *Id.*  PSB did not play any part in that selection process.  *Id.*  Three, as discussed, PSB does not

19   require the Seattle Remote Employees to store inventory at their homes so that products can be

20   distributed or sold from those residences. *Id.*, ¶10.  Four, PSB does not condition the Seattle Remote

21   Employees' employment on their continued residence in the Seattle area. *Id.*, ¶11.  As discussed

22   above, the Seattle Remote Employees can move their homes out of the District without approval

23   from PSB. *Id.*  Five, PSB does not advertise the location of its Seattle Remote Employees' homes

24   on a website, telephone or other directory, as a location associated with PSB's operations or

25   business. *Id.*, ¶12.  Thus, the homes of the Seattle Remote Employees cannot be places of PSB.

26   *See, e.g.*, *Clark*, 2022 WL 16985185, at *3 (finding defendant's employees' home were not places

DEFENDANT PIONEER SQUARE BRANDS, INC.'S
MOTION TO DISMISS FOR IMPROPER VENUE - 8
CASE NO. 2:25-cv-00666-DGE

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE S., SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1  of business of the defendant based on similar facts); *Automated Packaging*, 2018 WL 400326, at

2  *8-9 (same); *BillingNetwork*, 2017 WL 5146008, at *3 (same).

3                                    *       *       *

4      For the above reasons, NPI cannot establish venue is proper in this District under the second

5  prong of Section 1400(b).

6                              **IV.   CONCLUSION**

7      For the foregoing reasons, this Court should dismiss NPI's complaint for improper venue

8  under Federal Rule of Civil Procedure 12(b)(3).

9

10      Dated:  July 9, 2025                SUMMIT LAW GROUP, PLLC
                                            Attorneys for Defendant Pioneer Square
11                                          Brands, Inc.

12
                                            By *s/ Lawrence C. Locker*
13                                               Lawrence C. Locker, WSBA #15819
                                                 Rebecca Singleton, WSBA #57719
14                                               315 Fifth Avenue S., Suite 1000
                                                 Seattle, WA  98104-2682
15                                               Telephone:  (206) 676-7000
                                                 Fax:  (206) 676-7001
16                                               Email:  larryl@summitlaw.com;
                                                 rebeccas@summitlaw.com
17

18                                          BLANK ROME LLP

19
                                            By *s/ Domingo M. LLagostera*
20                                               Domingo M. LLagostera (*pro hac vice* to
                                                 be filed)
21                                               Email: domingo.llagostera@blankrome.com

22                                          By *s/ Russell T. Wong*
                                                 Russell T. Wong (*pro hac vice* to be filed)
23                                               717 Texas Avenue, Suite 1400
                                                 Houston, TX 77002
24                                               Telephone:  (713) 632-8634
                                                 Email:  russell.wong@blankrome.com
25

26

---

DEFENDANT PIONEER SQUARE BRANDS, INC.'S
MOTION TO DISMISS FOR IMPROPER VENUE - 9
CASE NO. 2:25-cv-00666-DGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

By *s/ Megan R. Wood*
    Megan R. Wood (*pro hac vice* to be filed)
    1825 Eye Street NW
    Washington DC 20006
    Telephone:  (202) 420-2753
    Email:  megan.wood@blankrome.com

DEFENDANT PIONEER SQUARE BRANDS, INC.'S
MOTION TO DISMISS FOR IMPROPER VENUE - 10
CASE NO. 2:25-cv-00666-DGE

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE S., SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1

**CERTIFICATE OF COMPLIANCE**

2        I certify that this memorandum contains 2,911 words, in compliance with the Local Civil

3   Rules.

4        DATED this 9th of July 2025.

5

6                                                      *s/ Lawrence C. Locker*
                                                       Larry C. Locker, WSBA #15819

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT PIONEER SQUARE BRANDS, INC.'S
MOTION TO DISMISS FOR IMPROPER VENUE - 11
CASE NO. 2:25-cv-00666-DGE

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE S., SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of July 2025, I caused the foregoing MOTION TO

DISMISS FOR IMPROPER VENUE to be filed through the USDC's CM/ECF system and will be

sent electronically to all counsel of record via the ECF system as follows:

David K. Tellekson
Jonathan G. Tamini
Jacob E. Simmons
FENWICK & WEST
401 Union Street, 5th Floor
Seattle, WA  98101
Email: dtellekson@fenwick.com; jtamimi@fenwick.com; jsimmons@fenwick.com

*Attorneys for Plaintiff National Products Inc.*

DATED this 9th of July 2025.

*s/ Karen M. Lang*
Karen M. Lang – Legal Assistant
Summit Law Group, PLLC
karenl@summitlaw.com

DEFENDANT PIONEER SQUARE BRANDS, INC.'S
MOTION TO DISMISS FOR IMPROPER VENUE - 12
CASE NO. 2:25-cv-00666-DGE

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE S., SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001