HONORABLE DAVID G ESTUDILLO

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

| | |
|---|---|
| 9  NATIONAL PRODUCTS INC., | Case No. 2:25-cv-00666-DGE |
| 10       Plaintiff, | |
| 11    v. | **STIPULATED PROTECTIVE ORDER** |
| 12  PIONEER SQUARE BRANDS INC., d/b/a VAULT (collectively, "PSB"), | **JURY TRIAL DEMANDED** |
| 13       Defendant. | |
| 14 | |

15

16    1.    <u>PURPOSES AND LIMITATIONS</u>

17         Disclosure and discovery in this action are likely to involve production of confidential,

18    proprietary, or private information for which special protection from public disclosure and from

19    use for any purpose other than this litigation may be warranted. Accordingly, the parties hereby

20    stipulate to and petition the court to enter the following Stipulated Protective Order. The parties

21    acknowledge that this Order is consistent with LCR 26(c). It does not confer blanket protection

22    on all productions, disclosures, or responses to discovery, and the protection it affords from

23    public disclosure and use extends only to the limited information or items that are entitled to

24    confidential treatment under the applicable legal principles, and it does not presumptively entitle

25    parties to file confidential information under seal.

26         Nothing in this Order shall be deemed to prevent the parties from introducing confidential

27    material into evidence at trial in this Action, or using any confidential information at trial in this

28

- 1 -

1   action.  If a party or non-party desires to protect confidential information at trial, the issue should

2   be addressed during the pre-trial conference.

3   2.      "CONFIDENTIAL" AND "ATTORNEYS' EYES ONLY" MATERIAL

4           "Confidential" material shall include the following documents and tangible things

5   produced or otherwise exchanged:

6           i.      sensitive technical information relating to research, development, marketing,

7                   manufacture, and production of products; and

8           ii.     sensitive technical, business, and research information regarding the Parties'

9                   respective products.

10          "Attorneys' Eyes Only" material shall include the following documents and tangible things

11  produced or otherwise exchanged that a party deems proprietary business information including:

12          i.      highly sensitive or competitive financial, customer, or marketing information,

13                  including but not limited to marketing plans and forecasts, customer lists, pricing

14                  data, cost data, customer orders, and customer quotations; and

15          ii.     highly sensitive or competitive information related to research, development

16                  marketing, manufacture, and production of products;

17          iii.    highly sensitive or competitive information technical, business, and research

18                  information regarding the Parties' respective products; and

19          iv.     strategies, trade secrets, research, marketing, production, and costs information.

20  3.      SCOPE

21          The protections conferred by this Order cover not only Confidential material and

22  Attorneys' Eyes Only material (as defined above), but also (1) any information copied or

23  extracted from such protected material; (2) all copies, excerpts, summaries, or compilations of

24  such protected material; and (3) any testimony, conversations, or presentations by parties or their

25  counsel that might reveal such protected material.  However, the protections conferred by this

26  Order do not cover information that is in the public domain or becomes part of the public domain

27  through trial or otherwise, known to such Receiving Party prior to its disclosure or known to

28

have been independently developed by such Receiving Party prior to its production herein or

without use or benefit of the information, obtained outside of this action by such Receiving Party

from the Producing Party without having been designated "Confidential" or "Attorneys' Eyes

Only" provided, however, that this provision does not negate any pre-existing obligation of

confidentiality, obtained by such Receiving Party after the time of disclosure hereunder from a

source who obtained the information lawfully and under no obligation of confidentiality to the

designating party, and previously produced, disclosed, and/or provided by the Producing Party to

the Receiving Party or any non-party without an obligation of confidentiality.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

a.    Basic Principles.  A receiving party may use Confidential material and Attorneys'
Eyes Only material that is disclosed or produced by another party or by a non-party in
connection with this case only for prosecuting, defending, or attempting to settle this litigation,
and for any related appellate proceedings. Confidential material and Attorneys' Eyes Only
material may be disclosed only to the categories of persons and under the conditions described in
this Order. Confidential material and Attorneys' Eyes Only material must be stored and
maintained by a receiving party at a location and in a secure manner that ensures that access is
limited to the persons authorized under this Order.

b.    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise
ordered by the court or permitted in writing by the designating party, a receiving party may
disclose any confidential material only to:

i.    the receiving party's counsel of record in this action, as well as employees
of counsel to whom it is reasonably necessary to disclose the information
for this litigation;

ii.    the following officers, directors, and employees (including in house counsel)
of the receiving party to whom disclosure is reasonably necessary for this
litigation who have signed the "Acknowledgment and Agreement to Be
Bound" (Exhibit A), and their respective secretarial and clerical personnel:

(PROPOSED) STIPULATED
PROTECTIVE ORDER                    - 3 -
Case No. 2:25-cv-00666-DGE

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511

NATIONAL PRODUCTS INC.:

    1.  Jeff Carnevali

    2.  Chad Remmers

PIONEER SQUARE BRANDS INC., d/b/a VAULT:

    1.  Michael Ferren

    2.  Marc Matsumura

iii.    experts and consultants (as defined in Section 11) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

iv.    the court, court personnel, and court reporters and their staff;

v.    independent persons or entities that provide litigation support services, including copy or imaging services retained by counsel to assist in the duplication of confidential material, graphics or design services, jury or trial consultant services, and the like, provided that counsel for the party retaining service(s) instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

vi.    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

vii.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(PROPOSED) STIPULATED
PROTECTIVE ORDER
Case No. 2:25-cv-00666-DGE

- 4 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511

viii.    any arbitrator or mediator selected or assigned to hear this matter and his or her staff, provided the arbitrator or mediator has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

c.    <u>Officers, Directors and Employees of the Receiving Party, and Experts and Consultants</u>:  The persons receiving "CONFIDENTIAL" information are enjoined from disclosing it to any other person, except in conformance with this Order.  Each individual who receives any "CONFIDENTIAL" information hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

Counsel who makes Confidential material available to persons set forth in Paragraphs 4.2(b)-(c) above shall be responsible for limiting distribution thereof to those persons authorized under this Protective Order and such counsel shall be prepared to account for the disposition and use of these materials to those persons.  All copies of Confidential material disclosed shall be subject to the same restrictions imposed herein on original materials.

d.    <u>Disclosure of "ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, any document or information marked "Attorneys' Eyes Only" shall not be disclosed or made available to any persons, including parties to this litigation, except the following:

i.    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

ii.    experts and consultants (as defined in Section 11) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

iii.    the court, court personnel, and court reporters and their staff;

iv.    independent persons or entities that provide litigation support services, including copy or imaging services retained by counsel to assist in the

(PROPOSED) STIPULATED
PROTECTIVE ORDER                               - 5 -
Case No. 2:25-cv-00666-DGE

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

duplication of Attorneys' Eyes Only material, graphics or design services, jury or trial consultant services, and the like, provided that counsel for the party retaining the service(s) instructs the service not to disclose any Attorneys' Eyes Only material to third parties and to immediately return all originals and copies of any Attorneys' Eyes Only material;

v.      the author or recipient of a document containing the Attorneys' Eyes Only information or a custodian or other person who otherwise possessed or knew the information; and

vi.     any arbitrator or mediator selected or assigned to hear this matter and his or her staff, provided the arbitrator or mediator has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

e.      <u>Filing Confidential And Attorneys' Eyes Only Material</u>.  Before filing Confidential or Attorneys' Eyes Only material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the Confidential or Attorneys' Eyes Only designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5.      <u>DESIGNATING PROTECTED MATERIAL</u>

a.      <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

For purposes of producing documents in response to request for production, the parties may designate an entire single document at the highest level of confidentiality to which any portion of the document is entitled and the parties shall not be required to separately designate individual pages of a contiguous document at a lower level of confidentiality, even if those pages viewed in isolation do not warrant the same level of confidentiality.  To the extent there is good cause for a specific document to be redacted so as to create a lower confidentiality version of the document, the parties agree to meet and confer in good faith to attempt to resolve such requests.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

b.    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

i.    <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains Confidential material or Attorneys' Eyes Only material, respectively.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(PROPOSED) STIPULATED
PROTECTIVE ORDER
Case No. 2:25-cv-00666-DGE

- 7 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511

ii. <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as Confidential or Attorneys' Eyes Only.  Any transcript (including a rough transcript) that is received or prepared before the expiration of that 15-day period for designation shall be treated during that period as if it had designated ATTORNEYS' EYES ONLY in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

iii. <u>Other information produced in some form other than documentary and for other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

c. <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

a. <u>Timing of Challenges</u>.  Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

(PROPOSED) STIPULATED PROTECTIVE ORDER
Case No. 2:25-cv-00666-DGE

- 8 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b.    <u>Meet and Confer</u>.  The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

c.    <u>Judicial Intervention</u>.  If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable) within 14 calendar days of the parties agreeing that the meet and confer process will not resolve their dispute.  Failure by the designating party to make such a motion within the 14-day period shall automatically waive the confidentiality designation for each designation at issue.  The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as Confidential or Attorneys' Eyes Only until the court rules on the challenge.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that party must:

1        i.    promptly notify the designating party in writing and include a copy of the

2            subpoena or court order;

3        ii.    promptly notify in writing the party who caused the subpoena or order to

4            issue in the other litigation that some or all of the material covered by the

5            subpoena or order is subject to this Order.  Such notification shall include

6            a copy of this Order;

7        iii.    cooperate with respect to all reasonable procedures sought to be pursued

8            by the designating party whose Confidential material or Attorneys' Eyes

9            Only material may be affected.

## 8.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential material or Attorneys' Eyes Only material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.  The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

(PROPOSED) STIPULATED
PROTECTIVE ORDER
Case No. 2:25-cv-00666-DGE

- 10 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

10. <u>NON-TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts, and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.  The parties agree that the terms of this Order shall survive and remain in effect after the termination of the above-captioned matter.

This Order shall be binding upon the parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained experts, and the persons or organizations over which they have direct control.

11. <u>EXPERT DISCLOSURE</u>

As used in this Order, an "expert" or "consultant" is a person with specialized knowledge or experience in a subject pertinent to the litigation who (1) has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a party or of a party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a party or of a party's competitor.

If any Receiving Party intends to disclose any Confidential material or Attorneys' Eyes Only material to an expert or consultant, the Receiving Party shall notify counsel for such Producing Party in writing, at least ten (10) days before any such disclosure is made.  The Receiving Party shall include with its notification to the Producing Party:

(PROPOSED) STIPULATED PROTECTIVE ORDER
Case No. 2:25-cv-00666-DGE
- 11 -
FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

(a)     The full name and professional address and/or affiliation of the expert witness;

(b)     A copy of the form annexed as Exhibit "A" executed by the expert witness;

(c)     An up-to-date curriculum vitae for the expert witness, including education history;

(d)     An identification of all previous or current relationships (personal or professional) with any of the parties, including direct relationships and relationships through entities owned or controlled by the expert witness;

(e)     An identification of all other present and prior employments or consultancies of the expert witness within the last four years; and

The provisions in this section shall not be construed as dispensing with the timing or requirements of Federal Rule of Civil Procedure 26(a)(2).

If the Producing Party objects to such disclosure of Confidential or Attorneys' Eyes Only material, it shall notify the Receiving Party intending to disclose the Confidential or Attorneys' Eyes Only material in writing of its objection(s) prior to the date on which the disclosure is intended to be made. Should the party intending to make the disclosure disagree with the basis for the objection(s), the parties must first attempt to resolve the objections informally. If the informal efforts do not resolve the dispute within five (5) business days, the party intending to disclose may file a motion requesting that the objection(s) be quashed after that five (5) business day period has passed. The party objecting to disclosure shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency of the objection(s). Pending a ruling by the Court upon any such objection(s), the Confidential or Attorneys' Eyes Only material shall not be disclosed to any person objected to by such Producing Party.

12.     <u>THIRD PARTY CONFIDENTIAL INFORMATION</u>

The parties agree to be bound by the terms of this Protective Order with respect to any Third Party that produces confidential information in this lawsuit provided that such Third Party agrees in writing to be bound by the terms of this Protective Order. A party that seeks confidential information from a Third Party shall provide with any subpoena or other governmental process directed to that Third Party requesting such information a copy of this

(PROPOSED) STIPULATED
PROTECTIVE ORDER                    - 12 -
Case No. 2:25-cv-00666-DGE

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

Protective Order and written notice informing the Third Party that it may take advantage of the protections afforded by this Protective Order.  An inadvertent failure to provide a copy of this Protective Order shall not constitute a breach of this provision.

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

Dated this 29th day of July, 2025.

David G. Estudillo
United States District Judge

(PROPOSED) STIPULATED
PROTECTIVE ORDER
Case No. 2:25-cv-00666-DGE

- 13 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ [date] in the case of *National Products Inc. v. Pioneer Square Brands Inc., d/b/a VAULT (collectively, "PSB")*, Case No. 2:25-cv-00666-RSL. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

(PROPOSED) STIPULATED
PROTECTIVE ORDER
Case No. 2:25-cv-00666-DGE

- 14 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511