UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS INC., <br><br> Plaintiff, <br><br> v. <br><br> PIONEER SQUARE BRANDS INC., <br><br> Defendant. | CASE NO. 2:25-cv-00666-DGE <br><br> ORDER ON UNOPPOSED MOTION TO FILE UNDER SEAL (DKT. NO. 37) |

This matter comes before the Court on Plaintiff's unopposed motion to file under seal pursuant to Local Civil Rule 5(g). (Dkt. No. 37.) Plaintiff seeks to maintain under seal unredacted copies of (1) Plaintiff's response in opposition to Defendant's motion to dismiss for improper venue and (2) Exhibits A, E, H, K, and V–Z to the declaration of Jonathan G. Tamimi in support of its opposition brief. (*Id.* at 2.) Specifically, Plaintiff seeks to seal documents and information designated by Defendant as "confidential" or "attorneys' eyes only" pursuant to the parties' stipulated protective order, which was granted by this Court on July 29, 2025. (*Id.*; *see also* Dkt. No. 31.)

Plaintiff states it takes "no position on whether the information contained in the Sealed Documents warrant[s] confidential treatment." (Dkt. No. 37 at 3.) Rather, because Defendant has designated certain documents and information related to its motion to dismiss as "confidential" or "attorneys' eyes only," Plaintiff was required to file this motion to "comply with its obligations under the Stipulated Protective Order." (*Id.* at 3–4.) Plaintiff notes that Defendant "must explain its legal basis and reasons for keeping the Sealed Documents under seal." (*Id.* at 4.) Defendant apparently confirmed it would do so in the course of the parties' conferrals. (*Id.* at 3.)

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations omitted). Although "access to judicial records is not absolute," there is a "strong presumption in favor of access." *Id*. "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotations omitted). Accordingly, "a party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id*. (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety*, 809 F.3d at 1096–1097 (quoting *Kamakana*, 447 F.3d at 1179). "What constitutes 'compelling reason' is 'best left to the

sound discretion of the trial court.'" *Id*. at 1097 (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

The Ninth Circuit has recognized that "'compelling reasons' . . . exist when [] 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). Courts in this circuit have found compelling reasons for sealing documents that contain business and financial agreements. *See, e.g.*, *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2019 WL 1767158, *2 (N.D. Cal. Apr. 22, 2019) ("Courts applying the compelling reasons standard have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing"); *Transperfect Glob., Inc. v. Motionpoint Corp.*, No. C 10–2590 CW, 2013 WL 209678, at *1 (N.D. Cal. Jan. 17, 2013) (granting motion to seal exhibits that contained proprietary information about the sealing party's internal business operations).

Here, Plaintiff requests information that is "necessary for the Court's Consideration of [Plaintiff]'s Opposition" be filed under seal per the terms of the Parties' stipulated protective order. (Dkt. No. 37 at 2.) But, as the Court has noted, it is *Defendant*, not Plaintiff, that has identified certain exhibits as confidential; Plaintiff's motion was merely filed to comply with the terms of the protective order. (*Id.* at 3–4.) Defendant apparently confirmed it would provide a legal basis for maintaining the exhibits under seal, but it has not done so yet. (*Id.*)

Putting aside the motion itself, Defendant has provided the Court with nothing more specific than the assertion that, somewhere in the response brief and the handful of exhibits designated as "confidential" or "attorneys' eyes only," there exists some sensitive information

that warrants sealing. (*Id.* at 2–3.) While Plaintiff points to the stipulated protective order in support of its motion, Defendant has not provided any details regarding the nature of the allegedly confidential information, nor has it identified which broad category of confidential information the documents fall within.[1] (*See* Dkt. Nos. 31 at 2; 37 at 2–3.) A cursory review of the documents filed under seal does not convince the Court that the 150+ pages in question—which includes Plaintiff's opposition brief itself—fall under the umbrella of confidential business information regarding Defendant's company. For example, the Court is confused how the entirety of Exhibit A, the 39-page transcript of Frederick Scott Armstrong's deposition testimony, must be maintained under seal. (*See* Dkt. No. 42-1.) Similarly, the Court is unsure how Exhibits Y and Z, which appear to be employment agreements, contain confidential information that must remain sealed. (*See* Dkt. Nos. 42-25, 42-26.) The discretionary designation of documents as confidential, without explanation, does not meet the Ninth Circuit's compelling reasons standard for sealing. *See Ctr. for Auto Safety*, 809 F.3d at 1096–1097.

      Accordingly, the Court ORDERS Defendant to show cause as to why (1) Plaintiff's response in opposition to Defendant's motion to dismiss for improper venue (Dkt. No. 39) and (2) Exhibits A, E, H, K, and V–Z to the declaration of Jonathan G. Tamimi in support of Plaintiff's opposition brief (Dkt. No. 40) should be filed under seal. Defendant must identify with specificity the basis and justification for sealing *each* document in its entirety and/or why specific redactions in a document are necessary. The Court will unseal all documents if Defendant fails to respond on or before **November 4, 2025**.

      The Clerk is directed to calendar this event.

---

[1] The Court also notes that Plaintiff's request to seal is not narrowly tailored. *See* LCR 5(g)(3)(A).

Dated this 21st day of October 2025.

David G. Estudillo
United States District Judge

ORDER ON UNOPPOSED MOTION TO FILE UNDER SEAL (DKT. NO. 37) - 5