UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS INC., | CASE NO. 2:25-cv-00666-DGE |
| Plaintiff, | ORDER REGARDING TRANSFER OF VENUE |
| v. | |
| PIONEER SQUARE BRANDS INC., | |
| Defendant. | |

## I    INTRODUCTION

Before the Court is the supplemental briefing (Dkt. Nos. 58, 62) submitted by the Parties in response to the Court's order on Defendant's motion to dismiss for improper venue (Dkt. No. 57 at 20–22).  For the reasons that follow, the Court GRANTS Plaintiff's request and TRANSFERS this case to the District of Delaware.

## II    BACKGROUND

On January 28, 2026, the Court granted Defendant's motion to dismiss for improper venue pursuant to the patent venue statute, 28 U.S.C. § 1400(b), and the guiding framework laid

ORDER REGARDING TRANSFER OF VENUE - 1

out in the Federal Circuit's decision in *In re Cray*, 871 F.3d 1355 (Fed. Cir. 2017).[1] (Dkt. No. 57.) Despite the fact that most of Defendant's top executives live and work from the Western District of Washington, the Court found Plaintiff failed to establish that the homes of these executives are a "place of the defendant" within the *Cray* framework, and therefore, venue is improper in this district. (*Id.* at 14–18.) Though the Court concluded venue was improper here, it determined that for purposes of judicial economy and to avoid the question of preclusion, the best route forward was to transfer the case to a different district. (*Id.* at 20–21.) It therefore ordered the Parties to submit supplemental briefing on where venue is proper. (*Id.* at 21–22.)

The Parties have submitted their briefing. Defendant requests this case be transferred to the Middle District of North Carolina. It argues its "regular and established place of business" is at its headquarters in High Point, North Carolina, and asserts it would be most convenient for the Parties and best promote judicial economy if it is decided there. (Dkt. No. 58 at 2–5.) Plaintiff prefers this case be transferred to the District of Delaware, where Defendant is indisputably incorporated. (Dkt. No. 62 at 6) (citing Dkt. Nos. 22 at 1; 57 at 20). It argues that its choice of venue should be given deference and that Defendant has failed to show that the Middle District of North Carolina is more convenient, nor that there is a unique burden for Defendant litigate in Delaware. (Dkt. No. 62 at 7–11.)

---

[1] § 1400(b) provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." *TC Heartland LLC v. Kraft Food Grp. Brands LLC*, 581 U.S. 258, 261 (2017). A corporation "resides" only in its state of incorporation for purposes of the statute. *Id.* at 262. For the second basis for venue, there are three "general requirements": (1) a "physical place in the district"; (2) which must be a "regular and established place of business"; and (3) it must be the "place of the defendant." *Cray*, 871 F.3d at 1360. If any one of the requirements is not satisfied, venue is improper. *Id.*

ORDER REGARDING TRANSFER OF VENUE - 2

### III    DISCUSSION

Pursuant to 28 U.S.C. § 1404(a), district courts have discretion to decide motions for transfer of venue based on "'individualized, case-by-case consideration[s] of convenience and fairness.'"[2] *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citation omitted). Factors to consider include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498–499. The plaintiff's choice of forum is "entitled to considerable weight[.]" *Wells Fargo Bank, N.A. v. LaSalle Bank Nat'l Ass'n*, Case No. 2:08-CV-1448 JCM (RJJ), 2011 WL 13248287, at *1 (D. Nev. Sept. 28, 2011) (citing *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)). A defendant must make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

The Parties do not dispute that venue would be proper in either the District of Delaware or the Middle District of North Carolina, nor do they dispute jurisdiction in either district. The question here is whether Defendant has met its burden of demonstrating that litigating this case in the District of Delaware, where it is indisputably incorporated, would be a "unique or unexpected burden." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001) (explaining that without this showing, "a company should not be successful in arguing that

---

[2] While this matter is not before the Court formally as a motion for transfer, the same considerations apply.

ORDER REGARDING TRANSFER OF VENUE - 3

litigation in its state of incorporation is inconvenient").  Indeed, "one aspect of a company's decision to incorporate in Delaware is that under [its] jurisdictional and venue statutes [the company] is agreeing to submit itself to the jurisdiction of the courts in this state for the purposes of resolving" commercial disputes.  *Id.* at 572; *see also Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1332 (Fed. Cir. 2011) ("Given that both parties were incorporated in Delaware, they had both willingly submitted to suit there, which weighs in favor of keeping the litigation in Delaware."); *Hologic, Inc. v. Minerva Surgical Inc.*, 163 F. Supp. 3d 118, 120 (D. Del. 2016) ("A plaintiff, as the injured party, has the privilege of initiating its litigation in the forum it chooses.  A defendant's place of incorporation is always an appropriate forum in which to sue that defendant.").

As Plaintiff points out, Defendant acknowledges it is incorporated in Delaware (*see* Dkt. No. 58 at 2) but does not address how that fact plays into the overall venue inquiry.  (Dkt. No. 62 at 7.)  Defendant argues the Middle District of North Carolina is more convenient for the parties and witnesses because Defendant is headquartered there and because the Middle District of Carolina has a lower median time to trial, which would increase judicial efficiency.  (Dkt. No. 58 at 3–5.)  While these considerations are certainly relevant, Defendant does not explain how the burden of litigating in Delaware is "unique or unexpected," rather than simply more inconvenient—especially considering that by incorporating in Delaware, Defendant has "agree[d] to submit itself to the jurisdiction of the courts in [that] state for the purposes of resolving" lawsuits.  *ADE Corp.*, 138 F. Supp. 2d at 572, 573.

The Court could stop its inquiry there.  However, several *Jones* factors additionally favor transfer to Delaware.  First, the Court must give deference to Plaintiff's wishes to litigate in Delaware.  *Lou*, 834 F.2d at 739.  It is true that if a plaintiff does not reside in the forum, a court

ORDER REGARDING TRANSFER OF VENUE - 4

"may afford [the] plaintiff's choice considerably less weight." *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009). This is because allowing a plaintiff to pursue litigation outside their home district may give rise to forum-shopping concerns. *Mitchell v. Deutsche Bank Nat'l Tr. Co.*, Case No.: SACV 15–01307–CJC(JCGx), 2015 WL 12867746, at *3 (S.D. Cal. Oct. 29, 2015). In this case, however, Plaintiff attempted to sue in its home district by initiating this lawsuit in the Western District of Washington, where it is both incorporated and has its "regular and established place of business." (*See* Dkt. No. 18); 28 U.S.C. § 1400(b). This option was foreclosed by Defendant filing—and the Court granting—the motion to dismiss for improper venue. (*See* Dkt. Nos. 22, 57.) The Court is therefore less concerned with potential forum-shopping and agrees that Plaintiff's choice to litigate in the District of Delaware should be given "great weight." *Lou*, 834 F.2d at 739. This is especially true because the goal in transferring the case, rather than dismissing so Plaintiff may initiate a new lawsuit in the district of its choosing, is to avoid collateral estoppel concerns for Defendant. (*See* Dkt. No. 57 at 21.)

Second, when it comes to evidence, it is no more inconvenient for the Parties to litigate in Delaware than in the Middle District of North Carolina. Defendant points out that "[n]early half" of its United States-based workforce is in North Carolina and that it stores its inventory there, meaning the "bulk of relevant documents and operational witnesses are in North Carolina." (Dkt. No. 58 at 3.) While this may be true, it paints an incomplete picture. The company has already proven it is adept at functioning with a team scattered across the country. (*See* Dkt. Nos. 55-5 at 16 (CEO Michael Ferren lives in Camas, Washington), 8–9 (three of Ferren's direct reports live in Tennessee, Wisconsin, and Florida); 55-8 at 5 (CFO Marc Matsumura lives in Spanaway, Washington).) It has been doing so since its inception. (*See* Dkt. Nos. 55-5 at 16–17; 55-8 at 32–35.) Because of this, it is reasonable to assume that much of

ORDER REGARDING TRANSFER OF VENUE - 5

Defendant's work, including product development and other activities relevant to a patent infringement lawsuit, is happening at least partially remotely. "[I]n the age of electronically stored information, the ease of access to evidence is neutral [in the venue transfer inquiry] because much of the evidence in this case will be electronic documents, which are relatively easy to obtain in any district." *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1042 (N.D. Cal. 2020) (citation and internal quotation omitted).

Third, the inconvenience to Defendant's witnesses does not carry significant weight. Defendant lists four employees in its motion that were included in its Rule 26 disclosures: Ferren, Matsumura, Quentin Forbes, and Rick Kennedy. (Dkt. No. 58 at 3.) Forbes live in North Carolina and Kennedy lives in Tennessee. (Dkt. No. 60 at 2.) As discussed, Ferren and Matsumura do not live in North Carolina and already travel thousands of miles on a regular basis from their homes in Washington. (Dkt. Nos. 55-5 at 21; 55-8 at 62–63.) And in any case, "courts generally give less consideration to the convenience of party witnesses or witnesses employed by a party because these witnesses can be compelled by the parties to testify regardless of where the litigation will occur." *Epic Games*, 435 F. Supp. 3d at 1042. As Plaintiff points out, Defendant does not identify any non-party witness that would be compelled to testify. (Dkt. No. 62 at 10.) Though it is likely Defendant's witnesses would be inconvenienced to some extent traveling from their respective homes to Delaware for trial, depositions could occur in their home districts "if appropriate." *Epic Games*, 435 F. Supp. 3d at 1042. Defendant has therefore not carried its burden of showing that the inconvenience to the employee witnesses outweighs the other *Jones* factors that cut in favor of Plaintiff.

Further, while it is true Defendant's leadership spends "significant time" in the Middle District of North Carolina (Dkt. No. 58 at 3), it is also undisputed that those company leaders

ORDER REGARDING TRANSFER OF VENUE - 6

live and work from the Western District of Washington.  (*See* Dkt. Nos. 55-5 at 16; 55-8 at 5.)

Generally, a transfer of venue should not be granted if it merely "shift[s] the inconvenience" of

travel from one party to another.  *Kaiser Found. Health Plan, Inc. v. Tiero LLC*, Case No. CV

23-9191-KS, 2024 WL 5466643, at *5 (C.D. Cal. June 20, 2024); *Decker Coal*, 805 F.3d at 843.

But the fact Delaware and North Carolina are "roughly equidistant" from Plaintiff's home base

in Washington, and because Ferren and Matsumura are "'regularly found'" in High Point

anyway, suggests it is no more burdensome to fly to Delaware over North Carolina.  (Dkt. No.

58 at 3–4); *see also Hadnagy v. Moss*, Case No. 2:23-cv-01345-CDS-BNW, 2023 WL 8622375,

at *6 (D. Nev. 2023) (in deciding whether to transfer a case to the Western District of

Washington or keep it in the District of Nevada, the court noted that either way the plaintiffs,

who resided in Pennsylvania and Florida, "would have to travel across the country to either

Nevada or Washington").

Final considerations are somewhat neutral.  While it is true the Middle District of North

Carolina appears to have a lower median time to trial (*see* Dkt. No. 59 at 18, 26) (comparing

District of Delaware and Middle District of North Carolina), the "relative speed with which [a]

case might be brought to trial" in two different districts is not of "particular significance."  *In re

Juniper Networks, Inc.*, 14 F.4th 1313, 1322 (Fed. Cir. 2021); *see also In re Genetech, Inc.*, 566

F.3d 1338, 1347 (Fed. Cir. 2009) (When "several relevant factors weigh in favor of transfer and

others are neutral, then the speed of the transferee district court should not alone outweigh all of

those other factors.").  Similarly, whether this case requires the particular subject-matter

expertise in patent law that a Delaware court might offer is not dispositive.  *See Chen v. Pioneer

Oil, LLC*, 472 F. Supp. 3d 704, 713 (N.D. Cal. 2013) ("When other factors in the analysis

ORDER REGARDING TRANSFER OF VENUE - 7

indicate a different forum would be more appropriate, the Court is not bound to transfer a case to the forum most familiar with applicable law.").

Defendant's insistence it has little to do with the state of Delaware is unpersuasive. It may be true that Defendant has "minimal contacts" with Delaware apart from its corporate registration filings. (Dkt. No. 58 at 4.) But "'[t]he public policy of Delaware encourages the use by Delaware corporations of Delaware as a forum for resolution of business disputes.'" *Graphics Properties Holdings Inc. v. Asus Comput. Int'l*, 964 F. Supp. 2d 320, 331 (D. Del. 2013) (citation omitted). Though the Court certainly acknowledges that litigating in Delaware will provide some inconvenience to both Parties, at the end of the day, Defendant has not shown that doing so presents a "unique or unexpected burden." *ADE Corp.*, 138 F. Supp. 2d at 573.

## IV    CONCLUSION

Having considered the Parties' briefing on the matter (Dkt. Nos. 58, 62) the Court GRANTS Plaintiff's request to transfer this case to the District of Delaware.

The Clerk of Court is directed to transfer this case to the District of Delaware.

Dated this 23rd day of March 2026.

David G. Estudillo
United States District Judge

ORDER REGARDING TRANSFER OF VENUE - 8